IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE SOUTHERN COMPANY ) | |
| EMPLOYEE SAVINGS PLAN, ) | |
|      Plaintiff/Counter Defendant, ) | |
| ) | |
| v.                                           ) | CIVIL ACTION NO. 1:24-00040-KD-N |
| ) | |
| MARY ROBIN COSTA *and* ) | |
| BRANDI COSTA NOLEN, ) | |
|      Defendants/ ) | |
|      Counter Claimants, ) | |
| ) | |
| & ) | |
| ) | |
| BRANDI COSTA NOLEN, ) | |
|      Third Party Plaintiff, ) | |
| ) | |
| v.                                           ) | |
| ) | |
| SOUTHERN COMPANY ) | |
| EMPLOYEE SAVINGS PLAN ) | |
| COMMITTEE SOUTHERN ) | |
| COMPANY SERVICES, INC., ) | |
|      Third Party Defendant. ) | |

**<u>ORDER</u>**

The Southern Company Employee Savings Plan ("Interpleader Plaintiff") initiated this civil interpleader action by filing a complaint with the Court on February 8, 2024. (Doc. 1). On March 29, 2024, Defendant Brandi Nolen filed her answer to the complaint, which included "a counterclaim against the interpleader Plaintiff and a third-party complaint against the Plan Administrator under Rule 14(a)(3) of the Federal Rules of Civil Procedure[,]" (Doc. 19, PageID.117), with "the Plan Administrator" identified therein as "Southern Company Employee Savings

Plan Committee Southern Company Services, Inc." (*Id.*, PageID.121).1

The Interpleader Plaintiff filed its answer to Nolen's counterclaim on April 19, 2024 (Doc. 23), while the Plan Administrator, identifying itself as "Third party Defendant Southern Company Employee Savings Plan Committee" (*see* Doc. 24, PageID.145)), filed a motion to dismiss Nolen's third-party complaint under Federal Rule of Civil Procedure 12(b)(6) on May 1, 2024 (Doc. 24). On May 22, 2024, Nolen filed her "First Amended Answer, Counterclaim and Third Party Complaint" (Doc. 30), along with a separate brief responding to the motion to dismiss (Doc. 31).

Federal Rule of Civil Procedure 15(a) governs "Amendments [to Pleadings] Before Trial." Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Nolen timely amended her third-party complaint once as a matter of course under Rule 15(a)(1)(B) by filing her first amended third-party complaint (Doc. 30) within 21 days of service of the Plan Administrator's Rule 12(b) motion to dismiss. As a result of the amendment, the Rule 12(b) motion to dismiss is now directed at a pleading that is no

---

1 Because the third-party complaint was filed with Nolen's original answer, she did not need the Court's leave to file it. *See* Fed. R. Civ. P. 14(a)(1) ("[T]he third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.").

longer operative. *See Pintando v. Miami-Dade Hous. Agency,* 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted))); *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). Moreover, the amended third-party complaint appears to be an effort to address at least some of the issues raised in the Plan Administrator's motion. *See* Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment (stating that the current version of Rule 15(a)(1) was enacted to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in [a Rule 12(b), (e), or (f)] motion[, as a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim").

In light of the foregoing, the Rule 12(b)(6) motion to dismiss the initial third-party complaint (Doc. 24) is **MOOT**.[2] The Plan Administrator may, of course, re-raise its arguments in a new motion directed at the first amended third-party complaint,

---

[2] *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120-21 (C.D. Cal. 2009) (holding that magistrate judge did not exceed jurisdiction by denying a motion to dismiss without prejudice to the defendants' ability to raise the same issues in another motion).

if appropriate.[3] The Plan Administrator's response to the first amended third-party complaint is due in accordance with Federal Rule of Civil Procedure 15(a)(3).

**DONE** and **ORDERED** this the **24th** day of **May 2024**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]  The undersigned expresses no opinion in this order on whether the first amended third-complaint would still be subject to dismissal for any of the reasons stated in the present motion to dismiss.

Additionally, this order does not address the propriety of Nolen's May 22, 2024 amendment of her answer and counterclaim, which is the subject of her pending motions for leave to amend filed May 23, 2024 (Docs. 32, 33). However, to the extent Nolen interpreted the Court's May 2, 2024 briefing order on the motion to dismiss as granting leave to amend her answer and counterclaim, she is mistaken. Indeed, that order did not purport to grant leave to amend any pleading. Rather, in setting May 22, 2024, as the deadline for Nolen to file her brief in response to the Rule 12(b)(6) motion to dismiss her third-party complaint, that order merely observed that May 22 (i.e., "21 days after service of" the motion on May 1) was "also the deadline for the Third-Party Plaintiff to amend *the third-party complaint* once as a matter of course under Fed. R. Civ. P. 15(a)(1)(B)." (Doc. 26 (emphasis added)).