IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE SOUTHERN COMPANY ) | |
| EMPLOYEE SAVINGS PLAN, ) | |
|     Plaintiff/Counter Defendant, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 24-00040-KD-N |
| MARY ROBIN COSTA and ) | |
| BRANDI COSTA NOLEN, ) | |
|     Defendants/ Counter Claimants, ) | |
| ) | |
| BRANDI CHRISTINE NOLEN, ) | |
|     Third Party Plaintiff, ) | |
| v. ) | |
| ) | |
| SOUTHERN COMPANY EMPLOYEE ) | |
| SAVINGS PLAN COMMITTEE, ) | |
|     Third Party Defendant. ) | |

**ORDER**

This action is before the Court on Plaintiff The Southern Company Employee Savings Plan's (the Plan) Motion to Deposit Funds (doc. 46), Defendant, Counterclaimant, and Third-Party Plaintiff Brandi Christine Nolen's Objection and Response (doc. 56), and The Plan's Reply (doc. 58).

The Plan states that the entitlement to the proceeds of the deceased Joseph Costa, Jr.'s employee stock plan (ESP) is disputed and is the subject of the Complaint for Interpleader (doc. 46). The Plan moves pursuant to Fed. R. Civ. P. 67 to deposit the proceeds with the Court.

Defendant Mary Robin Costa did not respond to the Motion. Defendant Brandi Costa Nolan objects. She argues that depositing funds is "improper under Rule 22" and that "[w]hile depositing funds with the Court without dismissal may seem harmless enough, the action is taken under Rule 22. The Plan cannot meet the requirements of Rule 22 as it is not the decision maker

here. The effort is procedurally improper and therefore must be denied." (doc. 56, p. 9). In reply, the Plan points out that it seeks to deposit the funds pursuant to Rule 67 not Rule 22, and "[r]egardless of Nolen's opinions as to whether an interpleader action is proper in this case, she has not proffered any legitimate reason as to why the Plan cannot deposit the ESP proceeds with the Court" (doc. 58).

Rule 67 provides that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). Here, the relief sought is the "disposition of a sum of money", i.e., the ESP proceeds, to the proper beneficiary. In the Complaint for Interpleader, the Plan asserts that it "claims no interest in the Decedent's benefits under the Plan" and asks the Court to determine the rightful beneficiary (doc. 1).

Upon consideration of the Rule and the parties' respective positions, the Court Motion is GRANTED. However, pursuant to the Local Rules for the Southern District of Alabama, an order to deposit funds with the Court "must specify the amount to be deposited." S.D. Ala. 67(b). Accordingly, the **Plan shall supplement its Motion**, on or before **November 1, 2024**, with information as to the specific amount to be deposited with the Court.

**DONE** and **ORDERED** this 25th day of October 2024.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE
