IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE SOUTHERN COMPANY ) | |
| EMPLOYEE SAVINGS PLAN, ) | |
|     Plaintiff/Counter Defendant, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 24-00040-KD-N |
| MARY ROBIN COSTA and ) | |
| BRANDI COSTA NOLEN, ) | |
|     Defendants/ Counter Claimants, ) | |
| ) | |
| BRANDI CHRISTINE NOLEN, ) | |
|     Third Party Plaintiff, ) | |
| v. ) | |
| ) | |
| SOUTHERN COMPANY EMPLOYEE ) | |
| SAVINGS PLAN COMMITTEE, ) | |
|     Third Party Defendant. ) | |

## ORDER

    This action is before the Court on Defendant, Counterclaimant, and Third Party Plaintiff Brandi Christine Nolen's Motion to Require Joinder of The Southern Company Employee Savings Plan Committee (the Plan Administrator) as a Plaintiff to the Interpleader Complaint (doc. 45), the Joint Response in Opposition filed by the Southern Company Employee Savings Plan (the Plan) and the Plan Administrator (doc. 57), and Nolen's Reply (doc. 59).

    The Plan filed a Complaint for Interpleader pursuant to Fed. R. Civ. P. Rule 22 after uncertainty arose as to whether the second wife – Mary Robin Costa – or the daughter from the first marriage - Brandi Christine Costa Nolen – was the proper beneficiary of the employee stock plan for deceased Plan Participant Joseph Costa, Jr. (doc. 1). This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C §§ 1001, *et seq*.

Nolen seeks to add the Plan Administrator as a plaintiff to the Complaint for Interpleader (doc. 45). Relying on Fed. R. Civ. P. 19, Nolen argues that the Plan Administrator "is proper and necessary to be named as a [Plaintiff] in the Complaint for Interpleader so that at the appropriate time the Court may enjoin payment of benefits or such other orders as may be necessary. It is therefore a necessary party to that pleading." (doc. 45, p. 6). Nolen argues that under ERISA and Hunt v. Hawthorne Associates, Inc., 119 F.3d 888, 908 (11th Cir. 1997),[1] orders enjoining payment of benefits may not be entered only against the Plan, and therefore, the Plan Administrator is a necessary party (Id.). Nolen also argues that joinder of the Plan Administrator will not deprive the Court of subject matter jurisdiction and that without adding the Plan Administrator "the potential beneficiaries … may not obtain the required relief" (Id., p. 7).

The Plan and the Plan Administrator argue that the Court can afford complete relief without joining the Plan Administrator as a plaintiff (doc. 57). They point out that Nolen has filed a third-party claim against the Plan Administrator, making it a party to the litigation. They argue that complete relief can be made in the present procedural posture, and joinder of the Plan Administrator as a plaintiff is not required. They also argue that because the Plan will deposit into court the proceeds of the Employee Stock Plan, there will be no need for an injunctive order for payment of benefits against the Plan Administrator, but instead on order to disburse to the proper beneficiary. Last, they argue that the Plan, pursuant to 29 U.S.C. § 1132(d)(1) and Rule

---

[1] In Hawthorne, the Court of Appeals for the Eleventh Circuit recognized that an ERISA "'employee benefit plan may sue or be sued … as an entity[.]'" 119 F. 3d at 908 (quoting 29 U.S.C. § 1132(d)(1)) but stated that "nothing in ERISA permits the district court to issue an injunctive order solely against the plan. Rather, the case law of this circuit demonstrates that an order enjoining the payment of benefits from an ERISA plan must issue against a party capable of providing the relief requested." 119 F. 3d at 908 (citations omitted). The Eleventh Circuit rejected "the notion that an injunctive order to pay benefits under section 502(a)(1)(B) of ERISA can issue solely against an ERISA plan as an entity." Id. This decision does not state that an ERISA plan cannot file an interpleader action, i.e., "sue" on its own as an entity, such that the Plan Administrator would be a required party.

22, is authorized to file this interpleader action in its own name and without the Plan Administrator as a plaintiff, and that the Plan is subject to court orders the same as any other litigant.

Pursuant to Rule 19, a "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: in that person's absence, the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A).  In this procedural posture, with the Plan Administrator as a third-party defendant against whom Nolen has brought a claim for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3) and a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), the Court finds that the Plan Administrator is not absent and that complete relief may be obtained among the existing parties.[2]  Accordingly, the Motion to Require Joinder (doc. 45) is DENIED.

**DONE** and **ORDERED** this 25th day of October 2024.

                                          s / Kristi K. DuBose
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**

---

[2] "The 'complete' relief concept of Rule 19(a)(1) refers to relief as between the persons already parties, not as between a party and the absent party whose joinder is sought." Fid. Nat'l Title Ins. Co. v. Etwaroo, No. 1:21-CV-2002-SCJ, 2022 WL 822357, at *6 (N.D. Ga. Jan. 25, 2022) (internal quotation marks omitted and alteration adopted).