# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THE SOUTHERN COMPANY ) <br> EMPLOYEE SAVINGS PLAN, ) <br>     Plaintiff/Counter Defendant, ) <br> ) <br> vs. ) <br> ) <br> MARY ROBIN COSTA and ) <br> BRANDI COSTA NOLEN, ) <br>     Defendants/ Counter Claimants, ) <br> ) <br> BRANDI CHRISTINE NOLEN, ) <br>     Third Party Plaintiff, ) <br> v. ) <br> ) <br> SOUTHERN COMPANY EMPLOYEE ) <br> SAVINGS PLAN COMMITTEE, ) <br>     Third Party Defendant. ) | Civil Action No. 24-00040-KD-N |

## ORDER

This action is before the Court on Motion for Discharge filed by Plaintiff The Southern Company Employee Savings Plan (the Plan) (doc. 47), the Objection and Response filed by Brandi Christine Nolen (doc. 56), and the Plan's Reply (doc. 58).

The Plan filed a Complaint for Interpleader pursuant to Fed. R. Civ. P. Rule 22 after uncertainty arose as to whether the second wife – Mary Robin Costa – or the daughter from the first marriage - Brandi Christine Costa Nolen – was the proper beneficiary of the employee stock plan (ESP) for deceased Plan Participant Joseph Costa, Jr. (doc. 1). The Plan moves the Court, upon payment of the ESP funds into Court, to dismiss the Plan with prejudice, discharge it from liability, and enjoin Defendants from commencing an action against the Plan related to the ESP. (doc. 47). By separate motion, the Plan seeks leave to deposit the ESP funds (doc. 46).

As grounds, the Plan argues that as the Plaintiff in interpleader, it is a disinterested stakeholder with no interest in the ESP proceeds, and that it is an innocent entity that has not colluded with either of the claimant Defendants. The Plan also points out that both Nolen and Mary Costa have counterclaimed against the Plan and requested the proceeds. The Plan states that it has moved to dismiss Defendant Nolen's counterclaim and that Defendant Costa's counterclaim is a demand for payment as the proper beneficiary and does not impede the Plan's discharge. The Plan also points out that if it is dismissed or discharged, Defendant Nolen's third-party claim against the Plan Administrator, Southern Company Employee Savings Plan Committee, will proceed unaffected, subject to the Plan Administrator's motion to dismiss. The Plan also points out that its dismissal or discharge will not limit Nolen's ability to seek discovery on disputed documents relevant to deciding the proper beneficiary.

Defendant Costa did not respond to the Motion. Defendant Nolen argues that the Motion should be denied (doc. 56). She argues that the Motion is "based on disputed facts and lacks a legal basis" (Id.). Nolen argues that the Plan is not an innocent stakeholder or entity because it is operated by the Plan Administrator and cannot make decisions. She argues that the Plan's filing by itself "was clearly asserted to avoid liability by the Plan Administrator, given the Plan Administrator was well aware of the breach of fiduciary duty allegations" (Id., p. 3-4).[1] She

---

[1] Nolen asserts that the Plan "is not an entity that may file a lawsuit on its own" (doc. 56, p. 3) and that the "Plan Administrator must be sued with the Plan." (Id., p. 5). She argues that 29 U.S.C. § 1132(d)(1) "cannot be interpreted to allow the Plan to file an interpleader complaint." (Id., p. 7). Nolen relies on the decision in Hunt v. Hawthorne Associates, Inc., 119 F.3d 888, 908 (11th Cir. 1997). The Eleventh Circuit recognized that an ERISA "'employee benefit plan may sue or be sued … as an entity[.]'" 119 F. 3d at 908 (quoting 29 U.S.C. § 1132(d)(1)) but stated that "nothing in ERISA permits the district court to issue an injunctive order solely against the plan. Rather, the case law of this circuit demonstrates that an order enjoining the payment of benefits from an ERISA plan must issue against a party capable of providing the relief requested." 119 F. 3d at 908 (citations omitted). The Eleventh Circuit rejected "the notion that an injunctive order to pay benefits under section 502(a)(1)(B) of ERISA can issue solely against

also argues that the 2012 beneficiary designation is not the latest beneficiary designation, as the Plan alleged in its Motion. She asserts that an employee of the Plan Administrator referenced a 2014 beneficiary form and spousal waiver form in telephone conversations, but the Plan Administrator refused to produce the documents during the claims process.

Typically, when an interpleader plaintiff deposits funds with the Court, the plaintiff would no longer be a necessary party to a determination of the proper beneficiary. Wells Fargo Bank, N.A. v. Arnold, 2024 WL 3834803, at *5 (S.D. Fla. July 29, 2024), report and recommendation adopted, No. 24-14078-CIV, 2024 WL 3829968 (S.D. Fla. Aug. 15, 2024) (collecting cases). However, in this procedural posture, where Mary Costa's and Nolen's counterclaims are pending against the Plan, the Court finds that discharge or dismissal is not appropriate at this time. Accordingly, the Motion for Discharge is DENIED without prejudice.[2]

**DONE** and **ORDERED** this 25th day of October 2024.

                               **s / Kristi K. DuBose**
                               **KRISTI K. DuBOSE**
                               **UNITED STATES DISTRICT JUDGE**

---

an ERISA plan as an entity." Id. This decision does not state that an ERISA plan cannot file an interpleader action, i.e., "sue" on its own as an entity.

[2] The Plan also moves the Court to enjoin Nolen and Mary Costa "from instituting or prosecuting any other action, suit, or proceeding against the Plan …" (doc. 47, p. 3). The Court has inherent authority over the parties before it, however, this sort of injunctive relief may not be appropriate in a rule interpleader action. See Protective Life Ins. Co. v. Jacobs, 2023 WL 4145825, at *10 (M.D. Fla. June 23, 2023) (declining to "issue such an order" because "Protective has brought this interpleader action under Rule 22 of the Federal Rules of Civil Procedure, rather than statutory interpleader under 28 U.S.C. § 1335" and explaining that "[o]nly statutory interpleader provides for the injunction that Protective requests.") (Citing 28 U.S.C. § 2361 and Hallman v. Hallman, No. 5:12-cv-4, 2012 WL 5879825, *2 (M.D. Ga. Nov. 21, 2012) (denying injunction in a rule interpleader action), citing 7 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1717 (3d ed.) ("Section 2361 only authorizes injunctions against other judicial proceedings in statutory interpleader actions; it does not apply to rule interpleader."); Sun Life Assurance Co. of Canada v. McElroy, No. 2:10-CV-488, 2010 WL 11615016, *1 (N.D. Ala. June 3, 2010) (same); Am. Gen. Ins. Co. v. Jones, No. CIV A 08-211, 2008 WL 4949847, *1-2 (S.D. Ala. Nov. 13, 2008) (same)). Accordingly, the motion to enjoin is DENIED.