# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THE SOUTHERN COMPANY EMPLOYEE SAVINGS PLAN, <br>     Plaintiff, Counter-Defendant <br><br> v. <br><br> MARY ROBIN COSTA AND BRANDI CHRISTINE NOLEN, <br>     Defendants, Counter-Claimants <br><br> & <br><br> BRANDI CHRISTINE NOLEN, <br>     Third-Party Plaintiff, <br><br> v. <br><br> SOUTHERN COMPANY EMPLOYEE SAVINGS PLAN COMMITTEE, <br>     Third-Party Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 1:24-00040-KD-N <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

Interpleader Defendant Brandi Nolen filed an Amended Answer, Counterclaim, and Third-Party Complaint on May 22, 2024. (Doc. 30).[1] Third-Party Defendant, Southern Company Employee Savings Plan Committee ("Plan Administrator"), filed a Motion to Dismiss the claims on June 5, 2024 (Doc. 39). Nolen filed a Response (Doc. 42) on June 20, 2024, and a Reply was filed by the Plan Administrator on June 27, 2024 (Doc. 44), making this motion ripe for disposition.

---

[1] Nolen's prior filing on March 29, 2024 (Doc. 19) was superseded by the current amended pleadings. (Doc. 30).

1

Upon due consideration, and having been fully briefed in the matter, the undersigned **RECOMMENDS** that the Motion to Dismiss the Amended Third-Party Complaint be **DENIED**.[2]

## I.    Background

Joseph Costa, Jr. ("Decedent"), was enrolled in a qualifying employee benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. (Doc. 39-1, PageID.378). Decedent designated his daughter, Interpleader Defendant Brandi Nolen, as a beneficiary in July 2012, via a "Beneficiary Designation Form." The form required the Decedent to attest he was not married, which was signed and dated. (Doc. 1, ¶ 9; Doc. 1 Ex. A). If a plan participant is married (or subsequently married), to effectuate such a designation, a spousal waiver is required under both ERISA and the complying language of the Southern Company Employee Savings Plan ("ESP" or "Plan"). (Doc. 39-1, ¶ 12.4, PageID.418); *see* 29 U.S.C. § 1055(c)(2).

Upon the Decedent's death, the Plan received a demand from Nolen, relying on the Beneficiary Designation Form. (Doc. 1, ¶¶ 12-13). Nolen was denied and told to appeal (Doc. 30, ¶ 31), as the Plan was under the "belief Decedent and Defendant Costa [Interpleader Co-defendant and another Counterclaimant in this action] were married over a year before on May 27, 2011, and remained married until Decedent's death on July 21, 2023." (Doc. 1, ¶ 10).  Notably, under the terms of the Plan, the

---

[2] The District Judge assigned this case has referred the motion to dismiss to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72 and S.D. Ala. GenLR 72(a); *See* S.D. Ala. GenLR 72(b) (06/05/2024) elec. ref.)

2

determination of beneficiary status remains within the sole discretion of the Plan Administrator. (Doc. 39-1 ¶ 13.4, PageID.428).[3]

However, faced with two competing claims, the Plan filed for interpleader under Federal Rule of Civil Procedure 22 to avoid double liability, as "[t]he Plan is in doubt as to which Defendant is entitled to the Decedent's benefits under the Plan." (Doc. 1, ¶ 17).

Nolen's pleadings allege the Decedent's marriage was void, another spousal waiver exists, and fiduciary duties were breached. The Plan Administrator argues Nolen lacks standing under ERISA and moves for dismissal under Federal Rule of Civil Procedure 12(b)(6).

## II.   Standard of Review

The Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(B)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and punctuation omitted). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This standard "requires more than labels and conclusions,

---

[3] The plan carries a Georgia choice of law provision; marriage is the state "where it was celebrated" and subject to exclusions (informal domestic partnerships, etc.). (*See* Doc. 39-1, ¶ 17.6, PageID.440); Rev. Rul. 2013-17; U.S. Dept. of Labor, Technical Release 2013-04.

and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678 (citation omitted).

Instruments attached to a pleading are part of the pleading, and the Court may consider them for Rule 12(b)(6) purposes. Fed. R. Civ. P. 10(c). Moreover, the Eleventh Circuit has made it clear that when a plaintiff attaches exhibits to a complaint and the exhibits contradict the allegations of the complaint, the exhibits control. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document ... reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.")

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (other citation omitted). Likewise, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue that precludes relief. *Neitzke v.*

4

*Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford Cty.*, 960 F.2d 1002, 1010 (11th Cir. 1992).

## III. Analysis

### A. Standing under ERISA:

The Plan Administrator asserts Nolen lacks standing under ERISA, alleging Nolen is not a "beneficiary" as defined by statute. The only parties that have standing to sue under ERISA are those listed in the civil enforcement provision of ERISA, codified at 29 U.S.C. § 1132(a). *Hobbs v. Blue Cross Blue Shield of Alabama*, 276 F.3d 1236, 1240 (11th Cir. 2001) (citing *Cagle v. Bruner,* 112 F.3d 1510, 1514 (11th Cir. 1997)).

In determining a beneficiary, "ERISA provides no exception" to plan documents. *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285 (2009). And payments to a beneficiary must be made by the fiduciary "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 154, 121 S. Ct. 1322, 1331, 149 L. Ed. 2d 264 (2001).

The Eleventh Circuit has stopped short of declaring strict compliance, but "ERISA forecloses any justification for enquiries into nice expressions of intent[.]" *Metro. Life Ins. Co. v. Waddell*, 697 F. App'x 989, 998, n.5 (11th Cir. 2017) (citations omitted).

The Plan Administrator argues that "as far as the terms of the Plan and the law is concerned, Mrs. Costa, not Nolen, is the beneficiary[.]" (Doc. 44, PageID.501). Thus, they argue, under these brightline rules, Nolen does not have standing to bring

5

a complaint. *Moore v. NCR Corp. Plan Admin. Comm.*, 558 F. Supp. 3d 1393, 1400 (N.D. Ga. 2021) ("[a] litigant seeking benefits who was not a participant or beneficiary at the time of the events giving rise to the ERISA claim lacks standing.").

Additionally, they argue an interpleader does not confer standing and can be filed "even though it was presently clear that one Defendant's claim to the proceeds was meritorious[.]" *Unicare Life & Health Ins. Co. v. Galvan.* 1:11-CV-61-SPM-GRJ, 2011 WL 6258845 (N.D. Fla. 2011).

Nolen presents three counterarguments regarding standing: the statutory definition includes potential beneficiaries; the interpleader action inherently confers standing as a potential beneficiary; and the Administrators should be estopped from raising this standing argument. (Doc. 42, PageID.484-85).

A "beneficiary" means "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). The proper standing analysis turns on "whether the plaintiff meets the statutory requirements as either a participant or a beneficiary." *Lawrence v. Nation*, 192 F. Supp. 3d 1260, 1268 (M.D. Ala. 2016) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117–18 (1989)).

In *Firestone*, the Supreme Court analyzed participant status, and one who "may become eligible" was held to have either "a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." 489 U.S. at 117–18.

Similarly, in *Blue Cross & Blue Shield of Alabama v. Sanders,* jurisdiction was analyzed as to whether Blue Cross was a proper fiduciary under 29 U.S.C. § 1132(a)(3). 138 F.3d 1347, 1352 (11th Cir. 1998). The *Sanders* Court found as long the plaintiff was "plausibly" a fiduciary, jurisdiction exists. *See id.*

Here, the interpleader complaint contained a signed Beneficiary Designation Confirmation (Doc. 1, Ex. A, PageID.8), and alleged "the Plan is in doubt as to which Defendant is entitled to the Decedent's benefits under the Plan." (Doc. 1, ¶ 17). The existence of this designation, though disputed, provides support for Nolen. *See* 29 U.S.C. § 1002(8) ("The term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.").

Additionally, the Plan's language explicitly contemplates valid beneficiary designations "without the consent of the Surviving Spouse [provided it complies with ERISA regulations]." (Doc. 39-1, ¶ 12.4, PageID.418-19). Lastly, Nolen has raised substantive challenges that could demonstrate beneficiary status: (1) the validity of her father's marriage; (2) the contractual interpretation of the beneficiary documents; (3) and the existence of additional relevant documentation.

The present case may be distinguishable from the cite to *Moore*, where benefits had already been distributed and the plaintiff had previously admitted in filings that he was not the proper beneficiary:

> Insofar as Plaintiff's own allegations and concessions establish that he was not the proper beneficiary under the Plans at the time that the Plan benefits were distributed and that he would not subsequently become the correct beneficiary under the terms of the Plans, Plaintiff does not

7

>even have a colorable claim to benefits and thus lacks standing to bring the fiduciary breach and attorneys' fee claims he asserts in this lawsuit. '[W]hen a plan administrator acts in accordance with the plan documents by paying benefits to the designated primary beneficiary, ERISA forecloses claims by non-beneficiaries against the plan administrator.'

*Moore*, 558 F. Supp. 3d at 1400–01 (N.D. Ga. 2021) (cleaned up) (citing *In Re: Hendricks*, Case No. 6:20-cv-935-Orl-40DCI, 2020 WL 9439374, at *4 (M.D. Fla. Nov. 2, 2020)).

Here, no benefits have been paid—as evident from the pleadings—and Nolen's beneficiary status remains undetermined. Viewing the facts presented in a light most favorable to the Third-Party Plaintiff, the allegations establish standing. (Doc. 42, PageID.490). The interpleader requests the court "determine the rightful beneficiary[.]" (Doc. 1, ¶ 18, PageID.4). No determination has been made in the interpleader action. Therefore, it is *plausible* that Nolen *may* be entitled to future benefits. *Cf. Sanders*, 138 F.3d at 1352 (plausibility standard for fiduciaries).

## B. Failure to State a Claim

Nolen's Third-Party Complaint brings two counts against the Plan Administrator, one for breach of fiduciary duty under § 1132(a)(3) and the other to enforce benefits under § 1132(a)(1)(B). The Plan Administrator argues these claims should be dismissed as (1) Nolen cannot pursue a claim under 1132(a)(3) while she

8

has a pending claim under Section 1132(a)(1)(B); (2) the relief Nolen seeks is not available under Section 1132(a)(3), which only provides equitable relief; and (3) Nolen has failed to plead that the Plan Administrator was engaged in fiduciary duties during the alleged breach. (Doc. 39, PageID.359).

1. **Count One:**

a. **Alternative Claims**

Nolen's "Counterclaim and Third Party Claim For Breach of Fiduciary Duties" seeks equitable relief under 29 U.S.C. § 1132(a)(3). (Doc. 30, ¶¶ 12-34, PageID.284-92). In support of her claim, Nolen alleges:

- Plan Administrator was required to reject a beneficiary form. (Doc. 30, ¶20, PageID.287).
- It had an obligation to make clear it had not received a spousal waiver form, and to notify the Decedent his beneficiary designation was rejected. (*Id.*, ¶ 22, PageID.287).
- The Administrator was required to ascertain the eligibility of named beneficiaries and it had an obligation to furnish a spousal waiver. (*Id.*, ¶ 23, PageID.288).
- The Plan Administrator had a duty to make a decision regarding Nolen's eligibility and furnish a spousal waiver. (*Id.*, ¶ 28, PageID.290).
- The Plan Administrator abdicated its duties as a fiduciary by not deciding her appeal. (*Id.*, ¶ 32, PageID.291).

Section 1132(a)(3) permits a civil action by a participant, beneficiary, or fiduciary to enjoin acts that violate ERISA or plan terms, and to obtain other appropriate equitable relief to redress violations or enforce ERISA provisions. 29 U.S.C. § 1132(a)(3).

Courts have found omission and misrepresentation to be grounds for equitable relief. *Beckham v. Liberty Life Assur. Co. of Bos.*, 4 F. Supp. 3d 1266, 1270 (M.D. Ala. 2014) (discussing *CIGNA Corp. v. Amara,* 563 U.S. 421 (2011)) (not providing benefits

9

which were represented by the fiduciary required appropriate equitable relief); *Del Rosario v. King & Prince Seafood Corp.,* 432 Fed. App'x. 912 (11th Cir. 2011) (remanding claim based on omitted disclosures for consideration under *Amara*); *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1072 (11th Cir. 2004) (supporting breach of fiduciary claims based on misrepresentation or omission) (citing, *e.g., Berlin v. Michigan Bell Tel. Co.,* 858 F.2d 1154, 1163 (6th Cir. 1988)) ("Misleading communications to plan participants regarding plan administration will support a claim for breach of fiduciary duty.'"); *but see Caudle v. Life Ins. Co. of N. Am.*, 33 F. Supp. 3d 1288, 1295-96 (N.D. Ala. 2014) (no breach of fiduciary duty claim where complaint alleged defendants failed to inform her about plan benefits and failed to enforce plan as written).

However, the Supreme Court has characterized § 1132(a)(3) as a "safety net" offering relief not adequately addressed by other ERISA provisions. *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). In *Varity*, the Supreme Court held that individual plan participants and beneficiaries could assert claims for equitable relief under § 1132(a)(3), but only where no appropriate relief was available under ERISA's other civil enforcement provisions. 516 U.S. 489, 512 (1996).

Eleventh Circuit jurisprudence holds that the facts alleged in the complaint determine whether the claim falls under § 1132(a)(1)(B) or § 1132(a)(3). *See Jones*, 370 F.3d at 1073. A finding that the alleged facts provide an available claim under § 1132(a)(1)(B) would likely make the equitable claims under § 1132(a)(3) ripe for dismissal. *See Woodruff v. Blue Cross & Blue Shield of Alabama,* No. 2:16-CV-00281-

SGC, 2017 WL 1090591, at *4 (N.D. Ala. Mar. 23, 2017) (distinguishing that claims alleging misrepresenting plan terms can seek equitable remedies under § 1132(a)(3), while disputes about benefit denials based on the actual plan terms should be brought under § 1132(a)(1)(B)).

The Plan Administrator contends equitable remedies are unavailable here, because adequate remedy is available under § 1132(a)(1)(B), and Nolen cannot simultaneously pursue a claim under both statutes. (Doc. 39, PageID.360). Conversely, Nolen cites to *Jones* where the Eleventh Circuit allowed appellants to plead in the alternative and assume that they cannot recover under § 1132(a)(1)(B). *Jones v. American General*, 370 F.3d 1065 (11th Cir. 2004). Nolen contends she is doing just that; the "remedy" for breach of fiduciary duty is separate and apart from the "relief" sought under § 1132(a)(1)(B) and they share no factual basis. (Doc. 42, PageID.492).

The Eleventh Circuit has stated "[a] plaintiff can plead as many alternative claims as he wants, 'regardless of consistency.'" *Gimeno v. NCHMD, Inc.*, 38 F.4th 910, 916–17 (11th Cir. 2022) (citing Fed. R. Civ. P. 8(d)(3)). Here, in a light favorable to Nolen, remedy may be unavailable under § 1132(a)(1)(B) and proper under § 1132(a)(3). Therefore, the claim should not fail for alternative pleadings. *See Gimeno*, 38 F.4th at 916-17.

### b. Nolen Seeks Nonequitable Relief under § 1132(a)(3)

The Plan Administrator moves for dismissal of Count One, arguing Nolen seeks nonequitable relief under § 1132(a)(3). (Doc. 39, PageID.362-63). According to the

11

Plan Administrator, this count is "a claim for benefits disguised as a claim for equitable relief," as Nolen seeks a monetary sum equal to the amount she would have received as a beneficiary. (*Id.*).

The Supreme Court has recognized that Section 1132(a)(3) allows an ERISA beneficiary to sue for this type of relief. *Gimeno*, 38 F.4th at 914-15 (citing *CIGNA Corp. v. Amara*, 563 U.S. at 441–42). As the *Gimeno* court explained, "the defendant's status as a fiduciary made a critical difference in differentiating a surcharge from the kind of compensatory damages that were not typically available in courts of equity." *Id.* at 914.

Nolen's claim should not fail for seeking monetary relief against a fiduciary under § 1132(a)(3). The Supreme Court has determined that equitable surcharge historically included monetary compensation for losses resulting from a trustee's breach of duty. This remedy remains available in ERISA actions against fiduciaries. *See id.* at 912.

### c. Plan Administrator as a Fiduciary

The Plan Administrator alleges Nolen fails to indicate that they were acting as a fiduciary when the alleged breaches occurred. (Doc. 39, PageID.365). As the Supreme Court stated, "[i]n every case charging breach of ERISA fiduciary duty ... the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function)

when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000).

The Eleventh Circuit has found "a plan administrator who merely performs claims processing, investigatory, and record keeping duties is not a fiduciary." *Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 290 (11th Cir. 1989). However, it is clearly settled ERISA plan participants may state a cause of action for breach of fiduciary duty based on a plan administrator's material omissions. *See Jones*, 370 F.3d at 1072.

Here, Nolen alleges the Plan Administrator had a fiduciary duty to make decisions regarding beneficiary forms, exercised discretionary review of beneficiary forms, maintained an ongoing duty to inform, and possessed discretionary authority regarding claims decisions. As noted in *Cotton*, "fiduciary status under ERISA is not an 'all-or-nothing concept,'" and "a court must ask whether a person is a fiduciary with respect to the particular activity at issue." *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005). The Plan itself contemplates valid beneficiary designations that could be made "to the satisfaction" of the Plan Administrator. (Doc. 39-1, ¶ 12.4, PageID.418). Therefore, Nolen's claim should survive this argument.

2. **Count Two**

Nolen's second count is brought under § 1132(a)(1)(B), which allows a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce

his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"

While the Plan Administrator seeks dismissal of the entire Third-Party Complaint under Federal Rule of Civil Procedure 12(b)(6), it does not specifically address Count Two beyond arguing Nolen "cannot pursue claims under Section 1132(a)(3) and Section (a)(1)(B) simultaneously." Nolen's pleading provides that the relief sought under 1132(a)(3) would be due if "not entitled to benefits otherwise." (Doc. 30, PageID.292). The Eleventh Circuit has provided clear guidance on this issue:

> A plaintiff can plead as many alternative claims as he wants, "regardless of consistency." Fed. R. Civ. P. 8(d)(3). But, as with any equitable claim, a plaintiff cannot succeed on a Section 1132(a)(3) claim if he "has an adequate remedy" at law, such as a remedy under Section 1132(a)(1)(B). *Ogden*, 348 F.3d at 1287. Section 1132(a)(1)(B) allows a beneficiary "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Accordingly, a plaintiff like Gimeno has "an adequate remedy" at law if the "allegations supporting the [Section 1132(a)(3)] claim [a]re also sufficient to state a cause of action" for benefits under Section 1132(a)(1)(B). *Jones*, 370 F.3d at 1073. In such a case, the plaintiff must proceed under Section 1132(a)(1)(B) instead of Section 1132(a)(3).

*Gimeno v. NCHMD, Inc.*, 38 F.4th 910, 916 (11th Cir. 2022)

14

As alternative pleadings are permitted at this stage and the Plan Administrator has not provided specific grounds for dismissal of Count Two beyond arguing against pleading both claims together, as rejected in *Gimeno*, this count should stand.

## IV. Conclusion

Thus, for the reasons stated herein, the undersigned **RECOMMENDS** that the Motion to Dismiss Amended Third-Party Complaint be **DENIED** as to both Counts One and Two.

**DONE** this the 17th day of December 2024.

> */s/Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**