IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE SOUTHERN COMPANY EMPLOYEE SAVINGS PLAN,<br>    Plaintiff, Counter-Defendant | )<br>)<br>)<br>) |
| v. | )<br>) |
| MARY ROBIN COSTA AND BRANDI CHRISTINE NOLEN,<br>    Defendants, Counter-Claimants | )<br>)<br>)<br>)<br>) |
| | ) CIVIL ACTION NO. 1:24-00040-KD-N |
| & | )<br>) |
| BRANDI CHRISTINE NOLEN,<br>    Third-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| SOUTHERN COMPANY EMPLOYEE SAVINGS PLAN COMMITTEE,<br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

This action is before the court on the Southern Company Employee Savings Plan's (the "Plan") Motion to Dismiss Brandi Christine Nolen's Amended Counterclaim (Doc. 41).[1] Nolen issued a Response to the Motion on July 8, 2024 (Doc. 50), and the Plan filed a Reply in support on July 16, 2024 (Doc. 54).

---

[1] Nolen's first pleading was filed 03/29/2024 (Doc. 19). The Court, receiving no objections, allowed Nolen's Amended Answer and Counterclaim by Order on May 30, 2024, citing Fed. R. Civ. P. 15(a)(2). (Doc. 37).

Upon due consideration, and having been fully briefed in the matter, the undersigned **RECOMMENDS** that the Plan's Motion to Dismiss Nolen's counterclaims be **GRANTED** in part and **MOOTED** in part.[2]

I.  **Background**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C §§ 1001, *et seq*. The Plan filed a complaint for interpleader after a dispute arose as to whether the second wife – Mary Robin Costa – or the daughter from the first marriage – Brandi Christine Nolen – was the proper beneficiary for deceased Plan Participant Joseph Costa, Jr. (Doc. 1).

Nolen responded by filing a "First Amended Answer, Counterclaim and Third Party Complaint," (Doc. 30) wherein she makes two counterclaims for (1) "breach of fiduciary duty" and (2) "claim for benefits." The Plan now moves to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).

II. **Standard of Review**

The Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and punctuation omitted). The complaint must

---

[2] The District Judge assigned this case has referred the motion to dismiss to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72 and S.D. Ala. GenLR 72(a); *See* S.D. Ala. GenLR 72(b) (06/20/2024 elec. ref.)

"contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678 (citation omitted).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'– 'that the pleader is entitled to relief.'" *Id.* at 679, (quoting Fed. R. Civ. P. 8(a)(2)) (other citation omitted). Likewise, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue that precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford Cty.*, 960 F.2d 1002, 1010 (11th Cir. 1992).

### III.   Analysis

The issue before the Court centers on whether Nolen's counterclaims meet the required pleading standard to survive under Federal Rule of Civil Procedure 12(b)(6). The Plan argues Nolen's counterclaims are an impermissible shotgun pleading. The Plan contends three primary deficiencies: First, all factual allegations supporting

Nolen's initial counterclaim exclusively reference the Plan Administrator's actions;[3] second, the second counterclaim merely adopts the allegations of the first; and third, the pleading fails to identify which facts specifically apply to the Plan. (Doc. 41, PageID.474).

Nolen responds that the Motion to Dismiss lacks specificity, characterizing it as "vague and conclusory." She clarifies that her breach of fiduciary duty claim targets only the Plan Administrator under 29 U.S.C. §1132(a)(3), while her benefit claim proceeds under 29 U.S.C. §1132(a)(1)(B) against both the Plan and Plan Administrator. (Doc. 50, PageID.538). Nolen maintains the Plan is merely "quibbling" over the count tiles, arguing "[i]t is neither the Court's nor opposing Counsel's role to 'tease out' the real basis for the motion." *Id.*

Regarding the second counterclaim, Nolen asserts it remedies deficiencies in the Interpleader Complaint's failure to join the Plan Administrator. (Doc. 50, PageID.538). She specifically refutes the characterization of her pleading as a "shotgun pleading" and disputes the assertion that the second counterclaim merely incorporates the first counterclaim's allegations, though ultimately conceding that both parties agree the Plan is not a fiduciary.

**A. Count One:**

---

[3] The Plan Administrator, the Southern Company Employee Savings Plan Committee, is named as Third-Party Defendant in this action.

Nolen's first claim, "Counterclaim and Third Party Claim for Breach of Fiduciary Duties," seeks equitable relief under 29 U.S.C. § 1132(a)(3). (Doc. 30, ¶¶ 12, 34, PageID.284, 292). This section authorizes civil actions by participants, beneficiaries, or fiduciaries to enjoin violations of ERISA or plan terms, or to obtain appropriate equitable relief to redress such violations or enforce ERISA provisions. The Supreme Court has characterized § 1132(a)(3) as a "safety net" offering relief not adequately addressed by other ERISA provisions. *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

During briefing, Nolen expressly represented to the Court, under Federal Rule of Civil Procedure 11, that Count One does not target the Plan. Specifically, she stated, "[t]he claim asserted under 29 U.S.C. §1132(a)(3), does not allege any action by the Plan, there is no demand for relief for damages against the Plan." (Doc. 50, PageID.539).

Given that all parties now agree Count One is not asserted against the Plan, the undersigned finds the operative Motion to Dismiss moot as to Count One.

**B. Count Two:**

Nolen's second count, "Counterclaim and Third Party Claim for Benefits," proceeds under § 1132(a)(1)(B). (Doc. 30, ¶ 35, PageID.292-93). This statutory provision enables participants or beneficiaries to pursue civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). In support of her counterclaim, Nolen states:

- This Count is brought under 29 U.S.C. §1132(a)(1)(B) and seeks to recover benefits, damages, and attorney's fees as may be recoverable under this code provision and 29 U.S.C. §1132(g).[4] Ms. Nolen seeks to enforce her rights under the ESP in question.
- In the event that Ms. Costa was not legally married to Mr. Costa at the time of his commencement of distributions of the ESP benefit, then the beneficiary designation forms from 2012 and 2014 are due to be found valid and benefits paid to Ms. Nolen and not to Ms. Costa.
- In the alternative and in the event that a spousal waiver form was furnished to the Plan Administrator and is located, Ms. Nolen is entitled to the ESP benefit.
- Ms. Nolen has failed to receive ESP benefits as a result and is due to receive the ESP benefit for that reason.

(Doc. 30, PageID.292-93).

The Plan argues Nolen presents insufficient factual support for her benefits counterclaim. In response, Nolen relies on *Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888 (11th Cir. 1997), arguing that ERISA actions cannot target a plan in isolation but must consider the Plan and Plan Administrator jointly. (Doc. 50, PageID.541). Nolen interprets *Hunt* as establishing that the Plan and Plan Administrator are intertwined entities, citing that "benefits under section

---

[4] This provision allows the court to award attorney's fee and costs. *See* 29 U.S.C. 1132(g).

502(a)(1)(B) must be directed to a person or entity other than the plan itself." *Hunt*, 119 F.3d at 908.

However, while *Hunt* establishes that relief under § 1132(a)(1)(B) must be directed to a proper defendant capable of providing benefits, it does not eliminate the basic pleading requirement to state sufficient facts supporting a plausible claim for relief. As noted in *Thomas v. Kamtek, Inc.,* although Federal Rule 8(d) permits alternative pleading, this does not relieve a plaintiff of the obligation under Rule 8(a) to state "enough facts to state a claim to relief that is plausible on its face." 143 F. Supp. 3d 1179, 1188-89 (N.D. Ala. 2015) (quoting Twombly, 550 U.S. at 547).

Here, Nolen's counterclaim fails to allege any facts implicating the Plan beyond conclusory statements about potential benefit entitlement. While there may be additional dispositive grounds for dismissal, those issues were not fully briefed by the parties and need not be reached, as the counterclaim fails to meet basic pleading standards. Therefore, Count Two should be dismissed for failure to state a claim upon which relief can be granted.

### IV.   Conclusion

For the reasons stated herein, the undersigned **RECOMMENDS** that

the motion to dismiss filed by Counter-Defendant the Southern Company Employee Savings Plan be **GRANTED** in part and **MOOTED** in part, and the counterclaim **DISMISSED** without prejudice.

**DONE** this the 17th day of December 2024.

>*/s/Katherine P. Nelson*
>**KATHERINE P. NELSON**
>**UNITED STATES MAGISTRATE JUDGE**