IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE SOUTHERN COMPANY ) | |
| EMPLOYEE SAVINGS PLAN, ) | |
|     Plaintiff/Counter Defendant, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 24-00040-KD-N |
| MARY ROBIN COSTA and ) | |
| BRANDI COSTA NOLEN, ) | |
|     Defendants/ Counter Claimants, ) | |
| | |
| BRANDI CHRISTINE NOLEN, ) | |
|     Third Party Plaintiff, ) | |
| v. ) | |
| ) | |
| SOUTHERN COMPANY EMPLOYEE ) | |
| SAVINGS PLAN COMMITTEE ) | |
| SOUTHERN COMPANY SERVICES, INC., ) | |
|     Third Party Defendant. ) | |

**ORDER**

This action is before the Court on the motion for summary judgment, evidence, and brief filed by Defendant Mary Robin Costa (docs. 73, 74), the Fed. R. Civ. P. 56(d) objection and response and brief in support filed by Defendant Brandi Christine Nolen (docs. 80, 81), and Costa's reply (doc. 82).

I. Background

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C §§ 1001, *et seq*. Defendant The Southern Company Employee Savings Plan (the "Plan") filed a complaint for interpleader after a dispute arose as to whether the second wife – Mary Robin Costa – or the daughter from the first marriage - Brandi Christine Costa Nolen – was the proper beneficiary for deceased Plan Participant Joseph Costa, Jr. (doc. 1).

II. Analysis

Costa filed a motion for summary judgment arguing there is no genuine dispute of material fact that she is the proper beneficiary under both the 2010 and 2018 versions of the Plan documents, and judgment as a matter of law should be entered in her favor. Costa admits that the deceased Mr. Costa executed a beneficiary designation on July 19, 2012, naming his daughter Nolen as beneficiary of his Employee Savings Plan benefits. Costa admits that the beneficiary designation occurred more than one (1) year after she and Mr. Costa were married on May 27, 2011. Costa argues that because they had been married more than one year, the terms of the Plan require that Costa sign a spousal waiver for Nolen to be the beneficiary. She argues that she never signed a spousal waiver, the designation of Nolen has no effect, and therefore, she is the proper beneficiary. Costa argues that there is no evidence to support Nolen's position that Nolen is the proper beneficiary.

Among other arguments, Nolen objects pursuant to Fed. R. Civ. P. 56(d), on grounds that Costa's "motion for summary judgment is premature and must be denied or a ruling delayed until after discovery has been completed" (doc. 80, p. 2). Nolen argues that she needs additional discovery to respond to Costa's motion. She points out that discovery does not end until February 28, 2025, and that she has sought to depose a representative of the Plan and Plan Administrator and an employee who "acknowledged the existence of a 2014 beneficiary designation form" naming Nolen as the beneficiary (Id.). Nolen also disputes the legitimacy of the 2012 beneficiary designation because the document provided by the Plan may be a compilation of documents from 2012 and between 2004 and 2011, which was made after a "loss of data or loss of the original beneficiary designation forms" during a "transfer of data and files from one vendor to another in 2014" (Id.).

Nolen also argues that depositions must be allowed on the issue of the Plan and Plan Administrator's process for validating and approving the beneficiary designation naming her as a beneficiary. Nolen asserts that she was "entered in the system" as the beneficiary and argues that "[t]he beneficiary was not entered in the system unless the beneficiary designation form was approved" and that the "beneficiary designation form could not be approved if the participant was married, unless there was a spousal waiver form." (Id., p. 3).  From this premise, Nolen asserts that entering her "in the system" as the beneficiary "is an admission that Mr. Costa's form was validated and approved" and thus, there must have been a spousal waiver. Nolen asserts there is a genuine dispute of material fact as to whether a spousal waiver exists.  Nolen also argues that Costa admitted this in a recorded phone conversation with a Plan or Plan Administrator employee when Costa asked the employee to stop sending the claim packet to her because she was not the beneficiary.

Rule 56(d) states that

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

In this procedural posture, where discovery has not yet closed and Nolen has made a sufficient showing as to the need for additional discovery to respond to Costa's motion, entering summary judgment would be inappropriate and premature. The Court of Appeals for the Eleventh Circuit has found that "summary judgment may only be decided upon an adequate record." WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988); see also Asphalt Paving

Systems, Inc. v. Blacklidge Emulsions, Inc., 2022 WL 88139, at *2 (M.D. Fla. Jan. 7, 2022) ("A premature decision on summary judgment impermissibly deprives the opposing party of its right to utilize the discovery process to discover the facts necessary to justify its opposition to the motion.") (citing Vining v. Runyon, 99 F.3d 1056, 1058 (11th Cir. 1996)). Moreover, Nolen supports her objection with a declaration explaining the reasons she cannot present the facts essential to justify her opposition to the motion for summary judgment (doc. 80-1). Fed. R. Civ. P. 56(d). See Burns v. Town of Palm Beach, 999 F. 3d 1317, 1334-1335 (11th Cir. 2021).

III. Conclusion

Upon consideration, and for the reasons set forth herein, Nolen's Rule 56(d) objection (doc. 80) is SUSTAINED in part. The Court declines Nolen's request that it deny Costa's motion for summary judgment. However, a ruling on the motion for summary judgment is deferred until after the close of discovery, February 28, 2025, and after supplemental briefing. Accordingly, Defendant **Nolen** shall **supplement her response** on or before **March 14, 2025**, and **Costa** shall file any **reply** on or before **March 24, 2025**.

**DONE** and **ORDERED** this 12th day of February 2025.

> s / Kristi K. DuBose
> KRISTI K. DuBOSE
> UNITED STATES DISTRICT JUDGE